John REESE, et al., Respondents,

v.

BROOKDALE MOTORS, INC., d/b/a
Brookdale Chrysler Plymouth,
Appellant.

No. C8–97–353.

Court of Appeals of Minnesota.

July 29, 1997.

Neil M. Meyer, Andrew W. Martin, Meyer & Njus, P.A., Minneapolis, for Appellant.

Kay Nord Hunt, Phillip A. Cole, Lommen, Nelson, Cole, & Stageberg, P.A., Minneapolis, for Respondents.

Considered and decided by HARTEN, P.J, and PARKER and DAVIES, JJ.

## OPINION

HARTEN, Judge.

Respondents[1] sued appellant Brookdale Motors, claiming that they were entitled to, and wrongfully denied, health care benefits

---

1. Respondents include John Reese and Laurie Reese, and Laurie Reese as parent and guardian of Anna Reese; they will be referred to collectively as "Reese," unless noted otherwise.

under Brookdale Motors' group health insurance plan. Seeking to recover damages for unreimbursed medical expenses, Reese initiated suit pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(1)(B) (1994). *See* 29 U.S.C. § 1132(e) (1994) (giving state courts of competent jurisdiction and federal district courts concurrent jurisdiction over section 1132(a)(1)(B) actions). On cross-motions for summary judgment, the district court denied Brookdale Motors' motion and granted summary judgment to Reese, awarding Reese $3,500 in attorney fees pursuant to 29 U.S.C. § 1132(g)(1) (1994). We affirm.

## FACTS

On March 24, 1994, Brookdale Motors hired John Reese for a full-time maintenance position. That same day, Reese completed an enrollment form to participate in Brookdale Motors' group health insurance plan—a plan governed by ERISA. The ERISA plan, which Brookdale Motors provided to employees through a master group insurance contract between itself and Medica Choice, contained certain eligibility requirements. Under the plan, an employee "working a minimum of 30 hours per week" was considered a "subscriber" and eligible for coverage. The plan also provided that coverage for newly hired employees began "the first of the month following a 30–day waiting period." Accordingly, if Reese met the plan's eligibility requirements, his coverage became effective May 1, 1994.

Although hired as a full-time employee and expected to work 40 hours per week, Reese averaged less than 10 hours per week. Brookdale Motors' time records indicate that he worked a total of 88.91 hours over a nine-week period. Nonetheless, Brookdale Motors did not notify Reese that his full-time employment status had changed; it was Reese's continuing belief that he remained a full-time employee.

On receipt of his enrollment form, Medica Choice sent Reese a member packet, which included a certificate explaining his group insurance plan coverage. Additionally, Brookdale Motors began to deduct insurance premiums from Reese's salary. On May 5, 1994, Reese's wife, Laurie Reese, gave birth to the couple's daughter, Anna Reese. The birth was premature; due to complications, Reese incurred medical expenses totaling $14,324 between May 5 and July 31, 1994. Under the plan's terms, newborn children were automatically covered for 31 days from their date of birth.

By certified letter postmarked June 1, 1994, Brookdale Motors notified Reese that it was terminating his employment effective May 31, 1994, due to poor performance and absenteeism. The termination letter also informed Reese that his medical coverage benefits had been canceled as of May 1, 1994 (the earliest possible date of his coverage under the plan). Finally, the letter enclosed reimbursement to Reese for the medical premiums that Brookdale Motors had automatically withheld from his paycheck.

On May 31, 1994, Brookdale Motors submitted a change-of-application form to Medica Choice, requesting that Reese be deleted from the plan effective May 1, 1994. Brookdale Motors made the following notation on the form as the basis for the deletion:

Hired as full-time employee—obligation not met by employee. Employee worked 89 hours in nine weeks.

Reese later sought benefits under the plan for the medical expenses resulting from his daughter's premature birth, but Brookdale Motors denied coverage. This lawsuit followed.

Both parties moved for summary judgment. The district court granted summary judgment to Reese, concluding that he was entitled to health care benefits from May 1, 1994, through the date of his termination, May 31, 1994. Additionally, the district court concluded that Reese was entitled to continued COBRA[2] coverage through July 31, 1994, because Brookdale Motors did not notify Reese of his continuation rights during the 60–day election period as required by the

2. *See* Consolidated Omnibus Budget Reconciliation Act (COBRA) of 1986, 29 U.S.C. § 1161–68 (1994).

plan. Because payment of the COBRA premiums was Reese's responsibility, the district court offset his $14,324 recovery by the cost of the 60–day coverage period.

### ISSUES

1. Did the district court apply the correct standard of review in considering Brookdale Motors' denial of health care benefits to Reese?

2. Did the district court err in construing the plan's eligibility provisions?

3. Did the district court abuse its discretion in awarding attorney fees to Reese?

### ANALYSIS

On appeal from summary judgment, we determine whether any genuine issues of material fact exist and whether the district court erred in its application of the law. *Wartnick v. Moss & Barnett*, 490 N.W.2d 108, 112 (Minn.1992). In doing so, we view the evidence in the light most favorable to the nonmoving party. *State by Beaulieu v. City of Mounds View*, 518 N.W.2d 567, 571 (Minn.1994).

1. Brookdale Motors on appeal asserts for the first time that its decision to deny health care benefits to Reese was entitled to deference. Although the parties presented the issue to the district court as one of contract interpretation and the district court made its decision on that basis, Brookdale Motors now argues that this court should apply the arbitrary and capricious standard to review the dealership's decision to deny benefits. Applying this standard, Brookdale Motors contends that it properly exercised discretion vested in it by the plan in denying Reese health care benefits. *See Finley v. Special Agents Mut. Benefit Ass'n*, 957 F.2d 617, 621 (8th Cir.1992) (listing five factors courts consider when applying arbitrary and capricious standard).

A threshold issue in section 1132(a)(1)(B) actions challenging the denial of group health insurance benefits is determination of the appropriate standard of judicial review. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 108, 109 S.Ct. 948, 953,

103 L.Ed.2d 80 (1989) (granting certiorari to resolve conflict among circuits as to appropriate standard of review in actions under section 1132(a)(1)(B)). In *Firestone*, the Supreme Court held

> that a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.

*Id.* at 115, 109 S.Ct. at 956–57. Consequently, we review a denial of benefits under the deferential arbitrary and capricious standard only in those cases where a plan gives the entity denying coverage some discretionary authority to determine eligibility or construe the plan's terms. *Id.; Lickteig v. Business Men's Assurance Co. of Am.*, 61 F.3d 579, 583 (8th Cir.1995).

In the instant case, Brookdale Motors failed to present the issue of the appropriate standard of review to the district court. Rather, Brookdale Motors and Reese argued in their cross-motions for summary judgment that the issue before the district court was the interpretation of the plan's eligibility requirements. Accordingly, the district court implicitly applied a de novo standard of review to the language of the plan and other manifestations of the parties' intent.

Generally, we decline to consider issues not previously presented to and decided by the district court. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988) (noting appellate court may review only those issues the record indicates were presented to and considered by the district court); *Thayer v. American Fin. Advisers, Inc.*, 322 N.W.2d 599, 604 (Minn.1982) (same). Here, because the record does not indicate that the issue of the appropriate standard of review (i.e., de novo or arbitrary and capricious) was presented to or considered by the district court, we conclude that Brookdale Motors may not raise it for the first time on appeal.

Even if this issue had been raised in the district court, we would conclude that the district court was correct in applying the de novo standard. *See Firestone*, 489 U.S. at

115, 109 S.Ct. at 956–57 (courts apply de novo standard of review unless plan gives administrator or fiduciary discretionary authority to determine eligibility or to construe plan); *see also Heasley v. Belden & Blake Corp.*, 2 F.3d 1249, 1256 (3rd Cir.1993) (question whether discretion is granted turns on the language of specific plan). The only language Brookdale Motors refers to in support of its assertion that the plan gives it discretionary authority is a provision that grants sole discretion to Medica Choice, not Brookdale Motors. That provision reads as follows:

> Medica Choice has sole discretion to interpret and construe all of the terms and conditions of the Contract and make final determinations regarding *benefits* and coverage under the Contract. Any interpretation or construction of the Contract by Medica Choice shall be final and conclusive unless proven by a court of law to be arbitrary and capricious.

The plan contains no language granting Brookdale Motors discretion to determine eligibility matters. Therefore, the appropriate standard of review is de novo, the standard implicitly applied by the district court, and not the arbitrary and capricious standard raised on appeal for the first time.

■ 2. Brookdale Motors argues that the district court misinterpreted the plan's eligibility provisions and erroneously concluded that the language "employees working a minimum of 30 hours per week" referred to an employee's full-time status rather than an employee's actual performance of 30 hours of work per week. Brookdale Motors maintains that even if a de novo standard of review were appropriate, the plain meaning of the plan's language required that Reese actively work at least 30 hours to be eligible for coverage.

In concluding that the 30–hour requirement was one of status, rather than actual performance, the district court reasoned that the plan did not specifically require that an employee be "actively working" in order to be eligible. The district court's construction is supported by cases that have held that "working" is not synonymous with "actively working" or "actually at work." *Compare*

*Lickteig*, 61 F.3d at 585 (holding that if defendant had wanted to limit eligibility benefits to employees who were actively working it could have done so), *and Bartlett v. Martin Marietta Operations Support, Inc. Life Ins. Plan*, 38 F.3d 514, 517 (10th Cir.1994) (same), *with Edwards v. Great–West Life Assurance Co.*, 20 F.3d 748, 749 (7th Cir.) (denying benefits where policy denied coverage to "any employee who is not actively at work on the date his insurance would otherwise become effective"), *cert. denied*, 513 U.S. 962, 115 S.Ct. 424, 130 L.Ed.2d 338 (1994), *Todd v. Dow Chem. Co.*, 760 F.2d 192, 193–95 (8th Cir.1985) (denying benefits where policy required employees to be "actively at work"), *and Whiteside v. Metropolitan Life Ins. Co.*, 798 F.Supp. 1380, 1383, 1387–91 (D.Minn. 1992) (same). We agree with the district court's reasoning and interpretation of the authorities.

Moreover, the district court reasoned that construing the eligibility requirement as one of status rather than performance avoids an absurd result. The district court found it "inconceivable" that Brookdale Motors intended to exclude from coverage employees who failed to actually work 30 hours in any particular week due to vacation, illness, or for some other reason. The plan provided that an employee's coverage terminated at

> [t]he end of the month in which the [employee] is no longer eligible as stated in the "ELIGIBILITY" section.

The plan did not contain any additional language qualifying this provision or explaining how an employee's use of vacation, sick leave, or other time off might affect the employee's eligibility. Thus, under Brookdale Motors' construction of the eligibility section, an employee who actually worked less than 30 hours per week for any of these reasons would no longer be eligible under the plan, and coverage would terminate. Under the district court's construction, however, full-time employees who actually worked less than 30 hours for these same reasons would not lose their coverage.

The district court also noted that Brookdale Motors' actions, though not conclusive, indicated that it considered Reese an eligible employee. The record demonstrates that:

(1) on or about May 1, the date Reese assumed he was first covered, no one notified him of any problems with his coverage, and Brookdale began to deduct premiums from his salary; (2) Brookdale Motors' termination letter notified Reese that "[m]edical coverage benefits ha[d] been *canceled*" and it notified Medica Choice that it had "*retroactively terminated*" his coverage; and (3) the plan required Brookdale Motors to notify Medica Choice of an eligibility problem "within 31 days of the effective date" of Reese's enrollment form (April 24), but Brookdale Motors failed to provide notification of any eligibility problem until May 31. Therefore, we agree with the district court's construction of the plan and conclude that the eligibility requirement "employees working a minimum of 30 hours per week" referred to an employee's *status* of being hired to work more than 30 hours per week and did not require that the employee actually work more than 30 hours per week.

■ 3. Brookdale Motors contends that the district court improperly awarded attorney fees to Reese. In its memorandum, the district court stated that it was "convinced" that there was no bad faith on the part of Brookdale Motors. Relying on Minnesota law, Brookdale Motors asserts that an award of attorney fees must be based on a finding of bad faith, and absent such a finding an award of attorney fees is an abuse of discretion. *See* Minn.Stat. § 549.21, subd. 2 (1996) (permitting award of reasonable attorney fees if party or attorney against whom fees are charged acted in bad faith); *State Bank of Young Am. v. Fabel*, 530 N.W.2d 858, 863 (Minn.App.1995) ("Requisite to an award of statutory sanctions is that counsel proceeded in bad faith."), *review denied* (Minn. June 29, 1995); *Glarner v. Time Ins. Co.*, 465 N.W.2d 591, 597–98 (Minn.App.1991) (absent finding of bad faith, award of attorney fees is abuse of discretion), *review denied* (Minn. Apr. 18, 1991).

■ But because the district court awarded attorney fees under 29 U.S.C. § 1132(g)(1) (1994), we are guided by the applicable federal case law. Under ERISA case law, there is a presumption favoring the award of attorney fees to a plan beneficiary who succeeds in an action to enforce rights under a welfare benefit plan. *Lutheran Med. Ctr. v. Contractors, Laborers, Teamsters and Engineers Health & Welfare Plan*, 25 F.3d 616, 623–24 (8th Cir.1994). The nonprevailing party must show "special circumstances" to overcome this presumption. *Id.* In the instant case, Brookdale Motors failed to present special circumstances to rebut the presumption favoring the award of attorney fees to Reese. Therefore, the district court did not abuse its discretion in awarding attorney fees to Reese.

■ Reese also requests an award of attorney fees for expenses related to this appeal. Because section 1132(g)(1) authorizes a district court to award attorney fees, we may award reasonable attorney fees when affirming on appeal. *See Bucko v. First Minn. Sav. Bank*, 471 N.W.2d 95, 99 (Minn.1991) (holding prevailing plaintiff entitled to attorney fees incurred in defending appeal if statutorily entitled to attorney fees in district court). We therefore grant Reese appellate attorney fees in an amount to be determined as follows: Within 15 days of the filing of this opinion, Reese shall serve and file a motion for appellate attorney fees with specification of fees and supporting documentation.

## DECISION

The district court properly granted summary judgment to Reese. The language "employees working a minimum of 30 hours per week" contained in Brookdale Motors' group health insurance plan referred to an employee's status, not an "active work" or "actual work" requirement. As a full-time employee, Reese was eligible for coverage under the plan and Brookdale Motors wrongfully denied him health insurance benefits. The district court did not abuse its discretion in awarding Reese attorney fees. Finally, Reese is entitled to an award of appellate attorney fees.

**Affirmed**.